**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RONALD LEE KING,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 06-CV-0152-CVE-TLW** |
| | ) | |
| **GREG PROVINCE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

Before the Court is *pro se* Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Respondent filed a response to the petition, and has provided the state court records necessary for adjudication of Petitioner's claims (Dkt. ## 10, 22). Petitioner filed a reply, with exhibits (Dkt. ## 14, 15). For the reasons discussed below, the Court finds the petition should be denied.

## *BACKGROUND*

On September 4, 2002, Petitioner sold a $20 "rock" of cocaine to undercover Tulsa Police Officer Israel Rodriguez. Based on this event, Petitioner was charged, tried, and convicted by a jury of Unlawful Delivery of a Controlled Drug, after former conviction of two or more felonies, in Tulsa County District Court, Case No. CF-2002-6306. Petitioner was represented at trial by attorney Curtis Allen. The jury recommended a sentence of twenty-five (25) years imprisonment and a fine of $30,000. The trial court sentenced Petitioner in accordance with the jury's recommendation.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Stuart Southerland, Petitioner raised four (4) propositions of error as follows:

Proposition I:   It was reversible error to admit the contraband into evidence, the State failed to establish a proper chain of custody, violating the Oklahoma Evidence Code as well as Appellant's Fourteenth Amendment right to a fair trial, without the contraband, the evidence was insufficient to support Appellant's conviction.

Proposition II:   It was error to deny Appellant's discovery request for Officer Rodriguez's notes.

Proposition III:   This court should modify Appellant's sentence; it is excessive, and the jury's decision was influenced by improper closing argument by the prosecutor.

Proposition IV:   The $30,000 fine assessed by the jury exceeded the statutory maximum permitted by 21 O.S. § 64(B). Appellant's sentence should be modified by eliminating the fine.

See Dkt. # 10, Ex. 1. In an unpublished summary opinion, filed May 26, 2004, in Case No. F-2003-583, the OCCA affirmed the judgment, but found proposition IV to be meritorious and modified the sentence by reducing the fine from $30,000 to $10,000. See Dkt. # 10, Ex. 3. Petitioner did not seek a *writ of certiorari* from the United States Supreme Court.

Next, Petitioner filed an application for post-conviction relief in the state district court. Appearing *pro se*, Petitioner raised eleven (11) grounds of error:

Ground 1:   Petitioner was denied effective assistance of appellate counsel in violation of his Sixth and Fourteenth Amendment rights secured under the United States Constitution.

Ground 2:   Petitioner was denied effective assistance of trial counsel in violation of his Sixth and Fourteenth Amendment rights secured under the Federal Constitution; and Article II § 6, 7, and 20 of the Oklahoma Constitution.

Ground 3:   The trial court committed fundamental error in instructing the jury during the second stage pertaining to the minimum and maximum punishment.

Ground 4:   The method used to select the jury panel, as applied to Petitioner, denied him Due Process and Equal Protection of the law in violation of the Fourteenth Amendment to the United States Constitution.

2

Ground 5:     Petitioner was denied his Sixth and Fourteenth Amendment rights (Confrontation Clause) denying him the right to confront and cross-examine Paul Schroeder and out of court statements of evidence which were testimonial at his jury trial.

Ground 6:     The cumulative effect of all the errors addressed above deprived Petitioner of a fair trial.

Ground 7:     Petitioner's conviction was obtained in violation of 22 O.S. § 258.

Ground 8:     Under "manifest necessity" the court should have *sua sponte* declared a mistrial.

Ground 9:     The state presented insufficient evidence which will not sustain Petitioner's conviction.

Ground 10:    Petitioner's sentence is in violation of Oklahoma Title 21 Section 11.

Ground 11:    Petitioner's conviction cannot stand, because an officer presented a false statement at trial.

See Dkt. # 22, Part 1. The district court denied relief on March 23, 2005 (Dkt. # 10, Ex. 4). For unknown reasons, the district court addressed only grounds 1-5, ignoring the issues in grounds 6-11. Id.  Petitioner appealed. The OCCA affirmed the district court's denial of post-conviction relief by Order filed July 14, 2005, in Case No. PC-2005-370 (Dkt. # 10, Ex. 5).

Petitioner now seeks federal habeas corpus relief.  In his petition and brief (Dkt. # 1), filed March 13, 2006, Petitioner raises seven (7) grounds for relief:

Ground 1:     It was reversible error to admit the contraband into evidence, the State failed to establish a proper chain of custody, violating the Oklahoma Evidence Code as well as Appellant's Fourteenth Amendment right to a fair trial, without the contraband, the evidence was insufficient to support Appellant's conviction.

Ground 2:     It was error to deny Appellant's discovery request for Officer Rodriguez's notes. In violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct 1194, 10 L.2d [sic] 215 (1963).

3

Ground 3:    The jury's decision was influenced by improper closing argument by the prosecutor.

Ground 4:    Appellant has been sentenced in vilation [sic] of 21 O.S. Section 11.

Ground 5:    Petitioner was denied effective assistance of appellate counsel in violation of his Sixth and Fourteenth Amendment rights secured under the United States Constitution.

Ground 6:    Petitioner was denied effective assistance of trial counsel in violation of his Sixth and Fourteenth Amendment rights secured under the Federal Constitution; and, Article II, § 6, 7, and 20 of the Oklahoma Constitution.

Ground 7:    Petitioner was denied his Sixth and Fourteenth Amendment rights (Confrontation Clause) denying him the right to confront and cross-examine Paul Schroeder and out-of-court statements of evidence which were testimonial at his jury trial.

See Dkt. # 1. In response to the petition, Respondent asserts that Petitioner's claims are either procedurally barred, not cognizable in these proceedings, or do not justify relief under 28 U.S.C. § 2254(d). See Dkt. # 10.

## ANALYSIS

### A.    Exhaustion/Evidentiary Hearing

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that the exhaustion requirement is satisfied in this case because Petitioner's claims were fairly presented to the OCCA on either direct or post-conviction appeal.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

4

**B.**     **Claims relating to violations of Oklahoma law or the Oklahoma Constitution are not cognizable on federal habeas corpus review (ground 4, parts of grounds 1, 2, and 6)**

Mixed in with Petitioner's arguments are various statements that his rights have been violated under the laws and Constitution of the State of Oklahoma. It is well established that it is not the role of a federal habeas corpus court to correct errors of state law. Estelle v. McGuire, 502 U.S. 62 (1991). This Court will address only the federal constitutional issues involved in Petitioner's case. "Alternative state claims, whether grounded in state statutes or the State Constitution, are not cognizable under 28 U.S.C. § 2254(a)." Davis v. Reynolds, 890 F. 2d 1105, 1109 n.3 (10th Cir. 1989) (citing Estes v. Texas, 381 U.S. 532, 588 (1965)). To the extent Petitioner makes generalized statements that his rights under the State Constitution have been violated, or specific claims of violations of Oklahoma statutes, such claims are not cognizable in federal habeas corpus. Accordingly, the Court concludes that habeas corpus relief is not available insofar as Petitioner claims his rights under Oklahoma laws or the Oklahoma Constitution have been violated.

**C.**     **Claims adjudicated by the OCCA on direct appeal**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), when a state court has adjudicated a claim a petitioner may obtain federal habeas corpus relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162,

5

1169 (10th Cir. 2002).  Furthermore, the "determination of a factual issue made by a State court

shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption

of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, the OCCA

adjudicated Petitioner's claims on direct appeal or in post-conviction proceedings.  Therefore, to the

extent Petitioner's claims are cognizable and not procedurally barred, those claims shall be reviewed

pursuant to § 2254(d).

### 1.        Evidentiary rulings by trial court (grounds 1 and 2)

In his first and second grounds for relief, Petitioner contends that his right to due process was

violated by evidentiary rulings during trial.  Specifically, Petitioner alleges as his first claim that the

rock cocaine evidence should not have been admitted at trial because there was a break in the chain

of custody.  As his second claim, Petitioner contends that the trial court erred in denying his

discovery request for notes taken by Officer Rodriguez.

On direct appeal, the OCCA rejected these claims, finding:

> As to Proposition I, we find the trial court did not abuse its discretion in
> admitting St.'s Exhibit 1 as the State adequately proved that in reasonable probability
> the evidence was the contraband Rodriguez obtained from Appellant. *Driskell v.*
> *State*, 659 P.2d 343, 354 (Okl.Cr. 1983). As to Proposition 2, we find no discovery
> violation as Appellant concedes the State provided the defense with everything in the
> prosecutor's file. We note defense counsel did not renew his request for Rodriguez's
> notes after Rodriguez testified that his notes were contained in his report. Nor did
> defense counsel argue the notes were critical to the chain of custody. Because
> Rodriguez's notes were contained in his report, which Appellant received and used
> at trial, there was no discovery violation.
>
> As for Appellant's claim that the notes concerning other drug purchases made
> the same day are critical to the chain of custody issue, this claim must fail. As held
> above, the chain of custody was sufficient and the trial court did not abuse its
> discretion in admitting the evidence. *See Wilson v. State*, 983 P.2d 448, 462 (Okl. Cr.
> 1998) (noting it is proper to admit evidence where there is only speculation of
> tampering or alteration and let what doubt there may be go to its weight rather than
> render the evidence completely inadmissible.) Defense counsel vigorously

6

challenged any weaknesses in the chain of custody thereby allowing the jury to decide the weight of the evidence. Therefore, we deny Appellant's claim and request for an evidentiary hearing.

See Dkt. # 10, Ex. 3.

As an initial matter, Petitioner has failed to assert a basis for finding that the OCCA's rejection of these claims on direct appeal warrants issuance of the writ under 28 U.S.C. § 2254(d). Petitioner merely restates the arguments made in his state court proceedings, without reference to the OCCA's rulings on grounds one and two. Furthermore, "[i]n a habeas proceeding claiming a denial of due process, 'we will not question the evidentiary . . . rulings of the state court unless [the petitioner] can show that, because of the court's actions, his trial, as a whole, was rendered fundamentally unfair.'" Maes v. Thomas, 46 F.3d 979, 987 (10th Cir.1995) (quoting Tapia v. Tansy, 926 F.2d 1554, 1557 (10th Cir.1991)). "[W]e approach the fundamental fairness analysis with 'considerable self-restraint.'" Jackson v. Shanks, 143 F.3d 1313, 1322 (10th Cir. 1998) (quoting United States v. Rivera, 900 F.2d 1462, 1477 (10th Cir.1990) (en banc)). A proceeding is fundamentally unfair under the Due Process Clause only if it is "shocking to the universal sense of justice." United States v. Tome, 3 F.3d 342, 353 (10th Cir. 1993) (quoting United States v. Russell, 411 U.S. 423, 432 (1973) (internal quotation omitted)).

Chain of custody issues, such as the one raised in ground one, turn on interpretations of state law and are generally not cognizable under 28 U.S.C. § 2254. See, e.g., Summer v. Mata, 455 U.S. 591 (1982); Donnelly v. DeChristoforo, 416 U.S. 637, 642 (1974). Where an object has been sufficiently identified to establish relevance, arguments concerning breaks in the chain of custody generally go to the weight of the evidence, not its admissibility. It is not strictly necessary, as a matter of constitutional law, to prove that the object is what it is alleged to be before admitting the

object.  In this case, a sufficient chain of custody was established to find that there was a reasonable probability that the cocaine introduced was the cocaine sold by Petitioner to Officer Rodriguez. Thus, even if the evidence were not properly admissible under state law, Petitioner has failed to demonstrate that it was fundamentally unfair to admit the cocaine evidence.  Whether the baggie of cocaine introduced at trial was the rock cocaine sold by Petitioner to Officer Rodriguez was for the jury to decide. The Court concludes that the OCCA's decision was not contrary to, or an unreasonable application of, Supreme Court law, nor was it based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). Habeas corpus relief on ground one shall be denied.

Likewise, Petitioner's ground two claim challenging the trial court's denial of Petitioner's request for Officer Rodriguez's notes is not cognizable in this habeas corpus proceeding, unless he demonstrates that the ruling rendered his trial fundamentally unfair.  Petitioner complains that he was prejudiced by the failure of Officer Rodriguez to produce his notes because, "[h]ad one of the 'buys' on that date involved a cocaine transaction where the contraband had been sold in a small plastic bag, the jury may have inferred that a mix-up occurred and the wrong 'rock' had been placed in the envelope attributed to Defendant." See Dkt. # 1 at 6. Thus, Petitioner argues, his rights under Brady v. Maryland, 373 U.S. 83 (1963), were violated. To succeed on a Brady claim, a petitioner must prove that 1) the prosecutor suppressed or withheld evidence, 2) which was favorable, and 3) material to the defense.  Moore v. Illinois, 408 U.S. 786 (1972); Fero v. Kerby, 39 F.3d 1462, 1472 (10th Cir. 1994); United States v. DeLuna, 10 F.3d 1529, 1534 (10th Cir. 1993). Petitioner has not met this burden. His speculation about what information Officer Rodriguez's notes may have

contained, and what the jury may have inferred from such possible information, does not support a claim based on Brady.

After reviewing the arguments in the instant case, the Court finds that Petitioner has failed to demonstrate that his trial was rendered fundamentally unfair as a result of the trial court's rulings described in grounds one and two. He is not entitled to habeas corpus relief on these grounds.

### 2.    Prosecutorial misconduct (ground 3)

In this ground, Petitioner argues that his constitutional rights were violated because the prosecutor improperly argued during second stage closing arguments that Petitioner was a "career criminal," a "convicted thief," has carried firearms, and just "doesn't get it" even though he has been convicted numerous times in the past. See Dkt. ## 1, 14. On direct appeal, the OCCA found no plain error "stemming from the prosecutor's argument." Dkt. # 10, Ex. 3. Because Petitioner's argument in both his petition and reply appears to be copied from his state court appeal pleadings, Petitioner fails to challenge the OCCA's decision in light of 28 U.S.C. § 2254(d) requirements.

Habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. Donnelly v. DeChristoforo, 416 U.S. 637, 642-48 (1974); Cummings v. Evans, 161 F.3d 610, 618 (10th Cir.1998).  Inquiry into the fundamental fairness of a trial requires examination of the entire proceedings.  Donnelly, 416 U.S. at 643.  "To view the prosecutor's [conduct] in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's [conduct] plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999).

In this case, Petitioner complains about comments made by the prosecutor during second stage closing argument. Upon review of the record, the Court finds that the alleged misconduct by the prosecutor did not plausibly tip the scales in favor of the prosecution. The State's second stage evidence against the defendant was strong. The State introduced evidence demonstrating that Petitioner had eleven prior felony convictions. See Tr. Trans. at 225-29.  Further, the comments to which Petitioner objects appear to be observations directly related to the evidence.  In light of the strength of the evidence presented in the second stage, the Court finds no reasonable probability that the sentencing would have been different without the incidents of alleged misconduct by the prosecutor and concludes that the proceedings against Petitioner were not rendered fundamentally unfair by prosecutorial misconduct.  Pursuant to § 2254(d), habeas corpus relief on this claim shall be denied.

### 3.      Ineffective assistance of appellate counsel (ground 5)

In his fifth ground for relief, Petitioner contends that his appellate counsel was ineffective for failing to raise the following grounds on direct appeal: (1) ineffective assistance of trial counsel; (2) sentence was in violation of Oklahoma Title 21 Section 11; (3) denial of Sixth and Fourteenth Amendment rights (Confrontation Clause) denying him the right to confront and cross-examine Paul Schroeder and out-of-court statements of evidence which were testimonial at jury trial; (4) State presented insufficient evidence which will not sustain Petitioner's conviction; and (5) cumulative effect of all errors deprived Petitioner of a fair trial. Petitioner simply lists these allegations of ineffective assistance of counsel without supporting argument or authority. The OCCA rejected all ineffective assistance of appellate counsel claims on post-conviction appeal, finding:

Petitioner attempts to avoid procedural bar by claiming his appellate counsel was ineffective for failing to raise the substantive issues not raised. The District Court order contains very thorough findings of fact and conclusions of law on the issue of the effectiveness of appellate counsel in this case. The mere fact that appellate counsel fails to raise all non-frivolous issues is not sufficient to preclude enforcement of a procedural default, and is not sufficient to establish appellate counsel was ineffective. *Webb v. State*, 1992 OK CR 38, ¶ 8, 835 P.2d 115, 116-17, *citing Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 594 (1977). Petitioner has neither established that his counsel's performance was deficient, nor that the outcome of his trial and appeal would have been different, and he has not established factual innocence. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674, 693, 698. Therefore, the order of the District Court of Tulsa County denying Petitioner's application for post-conviction relief in Case No. CF-2002-6306 should be, and is hereby, **AFFIRMED**.

Dkt. # 10, Ex. 5 at 2. Petitioner provides no argument to convince this Court that the OCCA's decision was contrary to or an unreasonable application of Supreme Court law.

Ineffective assistance of counsel claims are governed by the standard announced in Strickland v. Washington, 466 U.S. 668 (1984). See Murray v. Carrier, 477 U.S. 478, 488-89 (1986); United States v. Cook, 45 F.3d 388, 394-95 (10th Cir. 1995). The standard applies to claims of ineffective assistance of both trial and appellate counsel. United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). The Strickland test requires a showing of both deficient performance by counsel and prejudice to Petitioner as a result of the deficient performance. Strickland, 466 U.S. at 687. Failure to establish either prong of the Strickland standard will result in denial of relief. Id. at 696.

To satisfy the deficient performance prong of the test, Petitioner must overcome a strong presumption that counsel's conduct fell within the "wide range of reasonable professional assistance [that] . . . might be considered sound trial strategy." Brecheen v. Reynolds, 41 F.3d 1343, 1365 (10th Cir. 1994) (citations omitted). "A claim of ineffective assistance must be reviewed from the perspective of counsel at the time and therefore may not be predicated on the distorting effects of hindsight." Id. (citations omitted). Finally, the focus of the first prong is "not what is prudent or

appropriate, but only what is constitutionally compelled." Id.  To establish the prejudice prong of the test, Petitioner must show that the allegedly deficient performance prejudiced the defense; namely, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694.

When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance.  Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir.1998) (citing Cook, 45 F.3d at 392-93). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial.  Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394. In this case, the Court shall examine the merits of the five omitted issues identified by Petitioner.

a.     Ineffective assistance of trial counsel

Without further explanation or details, Petitioner first claims his appellate counsel failed to raise an issue that his trial counsel was ineffective. See Dkt. # 1. In his reply to Respondent's response, Petitioner asserts that his trial counsel admitted he was ineffective when he filed a motion and affidavit for continuance prior to the start of trial. See Dkt. # 14 at 10; Dkt. # 15, Ex. B. He claims his trial counsel "knew that he could not fulfill this requirement [of competent representation] due to lack of time that he had to meet with the Petitioner." Dkt. # 14 at 11. He concludes by stating that the outcome of his trial would have been different had the Court granted trial counsel's motion for a continuance. Although Petitioner contends that the motion for continuance proves that his attorney was unprepared, he provides no details to support a claim that his attorney was hampered

12

after the motion was denied. Petitioner has not demonstrated in this portion of his habeas petition that his trial counsel's performance at trial was deficient. Having failed to satisfy the first prong of the Strickland test to show that his trial counsel was ineffective, Petitioner cannot succeed on his ineffective assistance of appellate counsel claim based on the general accusation that he was ineffective for failing to raise an ineffective assistance of trial counsel claim.

    b.  *Sentence was in violation of Oklahoma Title 21 Section 11*

  Petitioner alleges that he was charged and sentenced with the "improper combining of two provisions 21 O.S. § 51 and Title 63." See Dkt. # 1 at 8. He claims this resulted in punishment under more than one section of law, in violation of Section 11(A) of Title 21. Id. Section 11(A) provides that an act or omission which is made punishable in different ways by different provisions may be punishable under any of such provisions, but in no case can it be punished under more than one section of law. Further, an acquittal or conviction and sentence under one section of law bars the prosecution for the same act or omission under any other section of law. See Okla. Stat. tit. 21, § 11(A). On direct appeal, the OCCA found this claim to be meritorious and, as a result, modified Petitioner's sentence by reducing the fine of $30,000 to $10,000.  See Dkt. # 10, Ex. 3.

  Petitioner fails to explain how he is entitled to any more relief on this claim than has already been granted by the OCCA.  Given Petitioner's eleven prior felony convictions, he faced a maximum sentence of life imprisonment. See Okla. Stat. tit. 21, § 51.1(C). Petitioner was sentenced to twenty-five years, well within the range of punishment set by the Oklahoma legislature. The Court fails to see how this was a violation of Okla. Stat. tit. 21, § 11(A).  Appellate counsel succeeded in obtaining relief on this issue and did not otherwise perform deficiently in raising this claim. Petitioner is not entitled to habeas relief on this claim of ineffective assistance of appellate counsel.

> c.   *Denial of Sixth and Fourteenth Amendment rights (Confrontation Clause)*
> *denying him the right to confront and cross-examine Paul Schroeder and*
> *out-of-court statements of evidence which were testimonial at jury trial*

Petitioner next asserts his appellate counsel was constitutionally ineffective for failing to raise an issue regarding the failure of lab technician Paul Schroeder to testify at trial. Mr. Schroeder had conducted the chemical tests on the rock cocaine sold by Petitioner to Officer Rodriguez. When it was learned that Mr. Schroeder was unavailable to testify, another chemist, John Paulson, from the Tulsa Police Department forensic lab was called to testify. Mr. Paulson also conducted tests on the "rock" cocaine evidence, and confirmed the findings contained in Mr. Schroeder's report. See Tr. Trans. at 193-95. Petitioner claims the State could not establish a proper chain of custody for the physical evidence in the absence of Paul Schroeder, and that Mr. Schroeder's absence deprived him of the opportunity to confront him regarding the tests and the chain of custody. The trial court ruled that there was sufficient evidence to establish a proper chain of custody for the cocaine evidence to be presented to the jury. See Tr. Trans. at 182-89. Further, because Mr. Paulson conducted his own tests on the evidence, Petitioner was not deprived of the opportunity to challenge the chemist's finding that the material was cocaine. Petitioner has failed to demonstrate how his Sixth and Fourteenth Amendment rights were violated when Paul Schroeder failed to testify. Thus, his appellate counsel's omission of this issue on direct appeal was not deficient under Strickland standards.

> d.   *State presented insufficient evidence to sustain Petitioner's conviction*

Petitioner next contends his appellate counsel was ineffective for failing to raise a sufficiency of the evidence claim on direct appeal. Respondent incorrectly states that Petitioner did not raise this claim on direct or post-conviction appeal (Dkt. # 10 at 15). The record demonstrates that Petitioner

14

presented this claim in his application for post-conviction relief (Dkt. # 22, Part 1 at 3, 15). However, neither the state district court nor the OCCA specifically addressed the issue. Nonetheless, because the OCCA rejected Petitioner's claim of ineffective assistance of appellate counsel, the ruling is entitled to deference. Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir. 1999). This Court will proceed to examine the underlying sufficiency of the evidence claim to ascertain whether appellate counsel was constitutionally ineffective for failing to raise it on direct appeal.

The appropriate standard of review for sufficiency of evidence claims is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." Spuehler v. State, 709 P.2d 202, 203-04 (Okla. Crim. App. 1985) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)); see also Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004). "This standard of review respects the jury's responsibility to weigh the evidence and to draw reasonable inferences from the testimony presented at trial." Dockins, 374 F.3d at 939.

Petitioner provides no argument, factual or legal, to support his claim that the State presented insufficient evidence to sustain his conviction. Under Oklahoma law, it is unlawful for any person to (1) distribute (deliver other than by administering or dispensing), (2) a controlled dangerous substance. Okla. Stat. tit. 63, § 2-401. Testimony of police officer Rodriguez established Petitioner's delivery. See Tr. Trans. at 135-57. Testimony of chemist John Paulson established that the item delivered by Petitioner was crack cocaine, a controlled dangerous substance. Id. at 191-97. Based on that evidence, the Court finds that there was sufficient evidence from which a rational jury could have found Petitioner guilty. Spuehler, 709 P.2d at 203-04. As a result, Petitioner has not demonstrated that the outcome of his appeal would have been different had appellate counsel raised

a claim challenging the sufficiency of the evidence. <u>Strickland</u>, 466 U.S. at 694.  Under 28 U.S.C.

§ 2254(d), he is not entitled to habeas corpus relief on this claim of ineffective assistance of

appellate counsel.

>    e.    *Cumulative effect of all errors deprived Petitioner of a fair trial*

Having found no constitutional errors at trial, there can be no cumulative effect that would

deprive Petitioner of a fair trial. Petitioner's appellate counsel was not constitutionally ineffective

for failing to raise a cumulative error claim on direct appeal.

>    f.    *Summary*

In rejecting Petitioner's claim of ineffective assistance of appellate counsel on post-

conviction appeal, insofar as it addressed the claims raised before the district court in Petitioner's

application for post-conviction relief, the OCCA applied <u>Strickland</u>. Petitioner's burden as to those

claims, therefore, is to demonstrate that the OCCA's adjudication of the claims was contrary to, or

an unreasonable application of, the Supreme Court's decision in <u>Strickland</u>. He has failed to satisfy

his burden, and is not entitled to habeas corpus relief on ground five.

**D.    Procedural Bar (grounds 4, 6, 7)**

The record confirms that the issues raised in Petitioner's fourth, sixth and seventh grounds

were not presented to the OCCA on direct appeal. These claims were raised for the first time in

Petitioner's post-conviction proceedings. In ground four Petitioner claims he was sentenced in

violation of Okla. Stat. tit. 21, § 11. In ground six, Petitioner alleges he received ineffective

assistance of trial counsel when counsel (1) failed to investigate, (2) failed to conduct an

independent chemical analysis, and (3) refused to allow him to testify. Ground seven addresses the

alleged errors resulting from Paul Schroeder's failure to testify. In its order affirming the district

court's denial of post-conviction relief, the OCCA stated:

> As the District Court correctly found, the substantive issues Petitioner is attempting
> to raise either were raised or could have been raised during trial proceedings or in his
> direct appeal. All issues that could have and should have been previously raised are
> waived and may not be the basis of a post-conviction application. 22 O.S. 2001, §
> 1086; *Fowler v. State*, 1995 OK CR 29, ¶ 2, 896 P.2d 566, 569.

See Dkt. # 10, Ex. 5 at 2.

The doctrine of procedural default prohibits a federal court from considering a specific

habeas claim where the state's highest court declined to reach the merits of that claim on

independent and adequate state procedural grounds, unless petitioner can "demonstrate cause for the

default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that

failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v.

Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995);

Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991).  "A state court finding of procedural

default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985.  A

finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in

the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir.

1991)). The Tenth Circuit has recognized that "Oklahoma's procedural rule barring post-conviction

relief for claims petitioner could have raised on direct appeal constitutes an independent and

adequate ground" barring federal habeas corpus review. Sherrill v. Hargett, 184 F.3d 1172, 1175

(10th Cir. 1999).

Applying the principles of procedural bar to this case, the Court concludes that Petitioner's

fourth, sixth and seventh grounds are procedurally barred. The OCCA's procedural bar, based on

Petitioner's failure to raise these grounds on direct appeal, is an "independent" state ground because state law provided "the exclusive basis for the state court's holding."   Maes, 46 F.3d at 985. Additionally, the procedural bars imposed on these claims were based on  "adequate" state grounds sufficient to bar the claims on federal habeas corpus review. See Steele v. Young, 11 F.3d 1518, 1522 (10th Cir. 1993).  The OCCA routinely bars claims that could have been but were not raised on appeal.

As to the adequacy of the procedural bar imposed on Petitioner's claim of ineffective assistance of trial counsel (ground 6), the Tenth Circuit Court of Appeals has recognized that countervailing concerns may justify an exception to the general rule of procedural default. Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994) (citing Kimmelman v. Morrison, 477 U.S. 365 (1986)).  The unique concerns are "dictated by the interplay of two factors: the need for additional fact-finding, along with the need to permit the petitioner to consult with separate counsel on appeal in order to obtain an objective assessment as to trial counsel's performance." Id. at 1364 (citing Osborn v. Shillinger, 861 F.2d 612, 623 (10th Cir. 1988)).  The Tenth Circuit explicitly narrowed the circumstances requiring imposition of a procedural bar on ineffective assistance of counsel claims first raised collaterally in English v. Cody, 146 F.3d 1257 (10th Cir. 1998).  In English, the Circuit Court concluded that:

> Kimmelman, Osborn, and Brecheen indicate that the Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone.  All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied.

Id. at 1264 (citation omitted).

18

After reviewing the record in this case in light of the factors identified in <u>English</u>, the Court finds that the procedural bar imposed by the state courts on Petitioner's ground six ineffective assistance of trial counsel claim is based on grounds adequate to preclude federal habeas review. Petitioner was represented at trial by attorney Curtis Allen. On direct appeal, Petitioner was represented by attorney Stuart Southerland. For purposes of the first requirement identified in <u>English</u>, the Court finds that Petitioner had the opportunity to confer with separate counsel during trial proceedings and on direct appeal.

The second <u>English</u> factor requires that the claim could have been resolved either "upon the trial record alone" or after adequately developing a factual record through some other procedural mechanism.  <u>Id.</u> at 1263-64.  In applying a procedural bar to Petitioner's claim of ineffective assistance of trial counsel, the OCCA specifically determined that the claim could have been but was not raised on direct appeal.  <u>See</u> Dkt. # 10, Ex. 5 at 2. The Court finds that Petitioner's ground six claim of ineffective assistance of trial counsel could have been resolved on the record alone. Furthermore, even if Petitioner's claim could not be resolved on the record alone, Petitioner has not alleged that the Oklahoma remand procedure provided by Rule 3.11, *Rules of the Oklahoma Court of Criminal Appeals,* was inadequate to allow him to supplement the record on his ineffective assistance of counsel claims. <u>See</u> <u>Hooks v. Ward</u>, 184 F.3d 1206, 1217 (10th Cir. 1999) (once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden shifts to the petitioner to make specific allegations as to the inadequacy of the state procedure). Although Respondent has alleged an independent and adequate procedural bar, Petitioner has simply argued the merits of his claim and has not put the adequacy of Oklahoma's remand procedure at

issue.  See Dkt. ## 1, 14.  As a result, he cannot demonstrate that Oklahoma's procedural bar is inadequate and his ground six claim of ineffective assistance of trial counsel is procedurally barred.

This Court may not consider Petitioner's procedurally barred claims unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered.  See Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997).  The cause standard requires a petitioner to "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986).  Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials.  Id.  As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains."  United States v. Frady, 456 U.S. 152, 168 (1982).  A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of  the crime of which he was convicted.  McCleskey v. Zant, 499 U.S. 467, 494 (1991).

## 1.    Cause and Prejudice

Petitioner attributes his failure to raise these claims on direct appeal to ineffective assistance of his appellate counsel (Dkt. # 1, 14).  It is well established that, in certain circumstances, counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default.  See Murray v. Carrier, 477 U.S. 478, 488-89 (1986).  However, the ineffective assistance of appellate counsel claim itself must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.  Id. at 489; Edwards v. Carpenter, 529 U.S. 446, 453 (2000).  In this case, Petitioner did raise a claim of ineffective assistance of appellate counsel on post-conviction appeal.

20

Further, as noted above, the assistance provided by appellate counsel must rise to the level of a constitutional violation under the two-pronged standard established in Strickland. Petitioner must demonstrate that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Hickman v. Spears, 160 F.3d 1269, 1273 (10th Cir. 1998). In analyzing an appellate ineffectiveness claim based upon failure to raise an issue on appeal, the Court must examine the merits of the omitted issue. Neill v. Gibson, 278 F.3d 1044, 1057 (10th Cir. 2001); Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir. 2003). If the issue is meritless, its omission will not constitute deficient performance.

### a.    Grounds 4 and 7 are without merit

The merits of grounds four and seven have been rejected by this Court in the analysis of the claims underlying the ineffective assistance of appellate counsel claim in Part C (3) above. Petitioner offers no additional argument or authorities in grounds four and seven to support his claims. Accordingly, Petitioner is not entitled to habeas corpus relief on grounds four and seven.

### b.    Ineffective assistance of trial counsel (ground 6)

Petitioner argues that his trial counsel was ineffective in three specific areas. First, he contends his trial counsel failed to investigate (Dkt. # 1 at 11). He argues that trial counsel failed to contact " two witnesses" who could testify to the accuracy of Officer Rodriguez's testimony. Id. He does not provide the identity of the witnesses and does not explain how their testimony could have undermined the accuracy of Officer Rodriguez's testimony. He also alleges that a thorough investigation by trial counsel may have uncovered information regarding the sting operation conducted by police, a flaw in the chain of custody, or other information which could have helped Petitioner "develop or even discover a defense." Id. at 12. Conclusory allegations without supporting

factual averments are insufficient to state a claim in habeas proceedings.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th  Cir. 1991). While this Court will liberally construe the pleadings of a *pro se* petitioner, this liberality cannot transform "vague and conclusory arguments" into valid claims for relief. Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994). Petitioner's allegations are speculative. He has not demonstrated that his trial counsel was ineffective for failing to investigate.

Petitioner next argues that his trial counsel should have obtained a second chemical analysis testing of the drug sold by Petitioner to Officer Rodriguez. Petitioner speculates that a second test may have revealed some problem with the testing. This speculation is without factual support. Petitioner has failed to demonstrate ineffectiveness of his trial counsel on this issue.

Finally, Petitioner claims that he "informed his attorney of his wish to testify, to give his versions of the incident, however, his attorney refused and/or failed to call or allow him to do so." See Dkt. # 1 at 13. As noted by Respondent, the trial transcript reveals a different story. The following colloquy occurred outside the presence of the jury, just after the State rested its case:

> COURT:        This is a hearing held outside the presence of the jury. The State having
>                       rested, now Mr. Allen, on behalf of Mr. King.
>
> MR. ALLEN:  Your Honor, Mr. King will not testify. I understand due to recent case law
>                       we need to get that on the record from Mr. King.
>
>                       Mr. King, do you intend to testify?
>
> MR. KING:     No.
>
> COURT:        You know you have the right to testify. You're electing not to do that; is that
>                       true, Mr. King?
>
> MR. KING:     That's true.

See Tr. Trans. at 199-200. Petitioner provides no further argument to support his claim that his attorney would not allow him to testify. The Court finds that this portion of Petitioner's ineffective assistance of trial counsel claim is meritless.

Having found no merit to the underlying claims of ineffective assistance of trial counsel, Petitioner's procedural default of these claims cannot be excused by a claim of ineffective assistance of appellate counsel.

### 2. Fundamental miscarriage of justice

The fundamental miscarriage of justice exception to the doctrine of procedural bar is applicable only when a petitioner asserts a claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 403-04 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316.  Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. "The exception is intended for those rare situations 'where the State has convicted the wrong person of the crime. . . . [Or where] it is evident that the law has made a mistake.'" Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) (citation omitted). Petitioner does not claim that he is innocent of the crime of delivering a controlled substance. The fundamental miscarriage of justice exception is inapplicable in this case.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claims are not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's claims set forth in grounds 4, 6, and 7.  Coleman, 510 U.S. at 724. He is not entitled to habeas corpus relief on those claims.

### CONCLUSION

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States.  His petition for writ of habeas corpus shall be denied.

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus (Dkt. # 1) is **denied**.  A separate judgment shall be entered in this matter.

**DATED** this 3rd day of April, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT